(No. 73-142-

BERNARD J. WESSEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 4, 1975.*

PAUL M. STORMENT, JR., Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant seeks recovery for personal injuries he allegedly suffered as a result of an accident on January 2, 1973, while he was operating a motor vehicle in a southwesterly direction between Belleville and Millstadt on Illinois Highway 158.

It is Claimant's contention that he struck a patch of ice which caused his car to go out of control and roll down an embankment into a small valley, causing him to sustain serious and permanent injuries.

Claimant alleges that the State, which had control over State Highway 158, allowed ice to accumulate on said highway, causing the condition that resulted in the accident.

Claimant further alleges that the State failed to maintain, clear off, salt, throw cinders, and to remove said ice from the highway and that, as a result thereof, the accident occurred.

Claimant further alleges that this condition had existed for a long time due to the fact that the highway was lower than the surrounding embankment and that water and ice constantly accumulated on said pavement.

Before the Claimant can recover, he must establish: (1) that the State was negligent in the operation of the highway; (2) that Claimant was free from contributory

negligence and did not contribute to the accident; and (3) that the negligence of the State was the proximate cause of the accident.

The record is clear that for a considerable period of time at the area in question there was an ice accumulation caused by the highway being constructed lower than the surrounding land and that rain or melting snow flowed off and down an embankment and onto the highway, causing ice to form as evening approached.

An engineer for the State testified that a few hours before the accident, he drove by the scene of the accident, noticed the highway was wet with water running across the highway, but there was not ice formed at that time since it was still afternoon and the weather not yet at the freezing stage. The same engineer testified that he had observed the same icy condition over the past few years and, since it was under his jurisdiction, he usually ordered salt put on the area, but not warning signs or devices, which in this instance were installed after the accident.

It is interesting to note that after the accident, the highway department also excavated the side of the hill next to the scene of the accident by digging a drainage ditch to keep any further water from going onto the highway and freezing.

It is abundantly clear from the testimony of the employees of the Respondent that a dangerous condition did exist at the scene of the accident, and that Respondent should have known that it constituted a hazard for the travelling public.

The position of the Claimant is further strengthened by the testimony of State Trooper Richard W. Kohler who stated that on the day prior to the accident he had noticed water and ice accumulation on

the highway at the bottom of the embankment where the accident occurred and reported this to the Highway Department as a hazardous condition. He further testified he saw a patch of ice on the pavement in the same place on the night of the accident and stated that the accumulation was caused by water running down an adjacent hillside. He also testified that he noticed a patch of ice prior to the accident on the evening Claimant was injured, and that on the previous evening when he noticed the situation, he put out flares, but on the night of the accident, he did not do this.

The Respondent raises the question as to whether or not there was contributory negligence, and uses as the basis for its argument that the car of Claimant went a very considerable distance over the embankment before it struck anything. It is the State's contention that Claimant was driving at such a high rate of speed that when he struck the ice and lost control of his car, the excessive speed, and not the ice, was the cause of the accident in question.

There is not any other evidence tending to support the position of Respondent that the Claimant was guilty of contributory negligence.

The evidence indicates that after the Claimant struck the ice, he travelled for a distance of 80 to 90 feet and then went over the embankment. Claimant's testimony was that he was travelling between 45 and 50 miles per hour and that he had seen no ice on the highway between Belleville and the place where the accident occurred and, that being the case, he did not expect any ice.

This Court, in the case of *Clifton W. Burgener, Adm. of the Estate of Myra J. Burgener v. State of Illinois, 25 Ill.Ct.Cl. 6,* passed upon a situation nearly identical with the present case. In that case, the evi-

dence indicated that the State had knowledge of an area that tended to accumulate ice and that, in fact, the Respondent had known of several accidents the previous night. The evidence in that case further showed there were not any signs erected to warn the travelling public. In the opinion in that case, in discussing the liability of the State, the following was cited:

While the State is not liable for injuries from the natural accumulation of ice and snow *Levy vs. State of Illinois, 22 Ill.Ct.Cl. 694,* it may be held liable for failure to warn the travelling public of the dangerous condition of a highway caused by an unusual accumulation of ice, where it has had notice of such condition. *(Bovey, et al. vs. State of Illinois, 22 Ill.Ct.Cl. 95.)*

This Court has repeatedly held that it is the duty of the State to warn motorists using public highways, to exercise ordinary care to keep them reasonably safe for such use, and to warn of unsafe conditions. *Rickelman vs. State of Illinois, 19 Ill.Ct.Cl. 54.*

This Court has also held the following:

The State is not an insurer against all accidents upon its highways but is required only to keep them in a reasonably safe condition for the purpose to which the portion in question is devoted, and the placing of adequate signs warning of the conditions to be met fulfills the obligations of the State to the users of the highways. *Donald Emm and John Vanda vs. State of Illinois, 25 Ill.Ct.Cl. 213.*

In the present case, it is clear that the State did have knowledge of this situation and that such knowledge had existed for a considerable period of time. Despite the fact, warning signs had not been placed to warn the travelling public, and even though salt and cinders had been spread which did not remedy the situation, the State was responsible.

It is the opinion of this Court that the Claimant was in the exercise of ordinary care and was not guilty of contributory negligence.

It appears from the record that the Claimant was obligated to spend $375.00 for the hospital bill, $96.00 for the doctor's bill, and $10.00 for the ambulance bill.

Claimant also makes a claim for lost wages in the amount of $1,600.00 although there is evidence to the effect that he was discharged by his physician several weeks prior to the time he went back to work.

We believe an award of $800.00 for lost wages, $2500.00 for pain and suffering, and $1500.00 for permanent scars is a just and fair award, along with the amounts set forth above for the hospital bill, doctor's bill and ambulance bill.

Claimant is hereby awarded the sum of Five Thousand Two Hundred Eighty-One Dollars ($5,281.00).